UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Narragansett Indian Tribe, <br>     Plaintiff, <br><br> v. <br><br> Hendrickson, et.al. <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )    C.A. No. 1:19-cv-00158-MSM-PAS <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

On December 5, 2019, this Court denied a Motion to Transfer Venue to the District of Columbia (ECF #14) that had been filed by the Plaintiff and objected to by the Defendants. (ECF #16). The Plaintiff has moved for reconsideration. (ECF #21). In addition, the Plaintiff has requested to continue a hearing that had been scheduled on the Defendants' Motion to Dismiss (ECF #12, 22).

While there is no Rule of Procedure recognizing what the 10th Circuit has called "[the] creature known all too well as the 'motion to reconsider' or 'motion for reconsideration,'" a district court "always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007).[1] While courts should not vacillate back and forth, they should be

---

[1] In contrast, a motion to alter or amend a final judgment under Fed.R.Civ.P. 59(e) must meet the much stricter "extraordinary remedy" standard. *Palmer v. Champion*

open to reconsideration when convinced justice requires it or that their initial decision was in error.

Transfer of venue to a district "where it might have been brought" is within the discretion of the district court. *Beland v. U.S. Dept. of Transp.,* No. Civ. 00-329-B, 2001 WL 274849, at *1 (D.N.H. Feb. 14, 2001); 28 U.S.C. §1404(a). Because this is an action against a federal official, it could have been brought in the District of Columbia. 28 U.S.C. §1391(e)(1). There are no overwhelming reasons to favor either Rhode Island or the District of Columbia. As it is a case brought under the Administrative Procedures Act, "neither the convenience of the parties and witnesses nor the ease of access to sources of proof weighs heavily in the [venue] analysis." *Pueblo v. Nat'l Indian Gaming Comm'n*, 731 F. Supp. 2d 36, 42 (D.D.C. 2010).

While ordinarily a "strong showing that transfer of venue is appropriate under the circumstances" must be made by a **defendant** seeking a change, *Brian Jackson & Co. v. Eximias Pharmaceutial Corp,* 248 F. Supp.2d 31, 38 (D.R.I. 2003), I believe the equities justify a transfer here on the **plaintiff's** motion without such a showing. There is a "strong presumption in favor of the plaintiff's choice of forum." *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). The Defendants have not shown they will suffer any prejudice from the transfer. To deny the Plaintiff the forum he would have been entitled to had he filed there initially, simply because his choice now is the result of "second thoughts," is to elevate form over substance. For

2

that reason, the Court GRANTS the Motion to Reconsider and, on reconsideration, GRANTS the Motion to Transfer to the District of Columbia.

The request for a continuance of the hearing on the Motion to Dismiss is construed as a request to vacate that hearing date, which is GRANTED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

1/7/2020